UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| THE UNITED STATES, ) | |
| Plaintiff, ) | |
| v. ) | Court No. 15-00333 |
| CRUZIN COOLER, LLC, ) BAD LAMA LLC, and ) KEVIN BEAL, ) | |
| Defendants. ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS THE CLAIMS AGAINST DEFENDANT KEVIN BEAL**

Upon consideration of plaintiff's motion to dismiss, **IT IS ORDERED** that the motion is granted, and plaintiff's claims against defendant Kevin Beal are hereby dismissed with prejudice.

_____
Timothy M. Reif, Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No. 15-00333 |
| CRUZIN COOLER, LLC, BAD LAMA LLC, and KEVIN BEAL, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION TO DISMISS**

Pursuant to Rule 41(a)(2) of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully requests that the Court dismiss its claims against defendant Kevin Beal with prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

In its complaint in this case, the Government alleged that three defendants made material false statements in their entry documentation regarding parts of a product called the Cruzin Cooler, and that these statements resulted in violations of 19 U.S.C. § 1592, with culpability levels of fraud, gross negligence and negligence. Compl., ECF No. 3. Toward the end of fact discovery, defendants sought leave to amend their pleadings to assert a counterclaim with respect to certain other entries that had not been subject to a protest. This Court denied defendants' motion for leave determining that it was untimely. Order Denying Leave To Amend, ECF No. 40. Following the Court's amendment denial, the Court granted defendants' counsel withdrawal from the case. Withdrawal Order, ECF No. 41. Now acting *pro se*, defendant Kevin Beal once

1

again sought leave to amend his pleadings to file a counterclaim with respect to entries not at issue in the litigation.  This Court again denied the request for leave to amend determining that: (1) the motion was untimely "based on this Court's denial of defendants' earlier motion to the same effect," and (2) the Court lacked subject matter jurisdiction to consider a counterclaim based on the entries not at issue in the litigation.  Order, ECF No. 53, at 2; *see* Plaintiff's Opposition to Defendant Kevin Beal's Motion For Leave To Amend the Pleadings, ECF No. 50, at 6-14 (identifying the reasons why amendment should be denied).

After providing the corporate defendants (Cruzin Cooler, LLC and Bad Lama LLC) with an opportunity to obtain counsel, the Court held them in default and subsequently granted the Government's motion for a default judgment.  *United States v. Cruzin Cooler, LLC*, 459 F. Supp.3d 1366 (Ct. Int'l Trade 2020); *see* Judgment, ECF No. 59.  The Court's decision did not grant a default judgment against defendant Kevin Beal, although the Court's docket appears to indicate that the entire case has been terminated.  *See* generally docket for *United States v. Cruzin Cooler, LLC v. United States*, No. 15-333 (Ct. Int'l Trade).  Following the default judgment opinion, there have been no further proceedings in this case.

## ARGUMENT

After consideration, the Government respectfully files this motion to dismiss pursuant to USCIT R. 41(a)(2) to request that the sole remaining claims against individual defendant Kevin Beal be dismissed with prejudice, and that it be made clear that this matter is closed and no claims remain pending.  Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  *See Virtus Nutrition LLC v. United States*, 606 F.Supp.3d 1360, 1361 (Ct. Int'l Trade 2022).

Mr. Beal can offer no persuasive rationale as to why the claims should not be dismissed. To the extent that Mr. Beal intends to argue that Government's remaining claims should not be dismissed so that he can amend his pleadings to raise a counterclaim concerning certain unrelated entries that were not timely protested, that argument would fail on at least two fronts.

First, this Court has already *twice* denied Mr. Beal's untimely attempts to amend the pleadings in order to assert a counterclaim. *See* ECF Nos. 40, 53. The Court should find that the relief sought by Mr. Beal has already been litigated, and that the law of the case doctrine bars any rehearing of the issue. The law of the case doctrine "generally bars retrial of issues that were previously resolved." *Intergraph Corp. v. Intel Corp.,* 253 F.3d 695, 697 (Fed. Cir. 2001) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912) (law of the case "expresses the practice of courts generally to refuse to reopen what has been decided")). The doctrine's purpose is to "promote[ ] the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988) (citation omitted). "Under law of the case, then, a court will generally refuse to reopen or reconsider what has already been decided at an earlier stage of the litigation." *Suel v. Sec. of Health & Hum. Servs.*, 192 F.3d 981, 985 (Fed. Cir. 1999).

Because on two separate occasions, the Court rejected Mr. Beal's attempts to amend the pleadings to assert a counterclaim, ECF Nos. 40, 53, the Court should find that any such relief sought by Mr. Beal to keep this case alive has already been litigated, and that the law of the case doctrine bars any rehearing of the issue. *See Intergraph,* 253 F.3d at 697.

In any event, even if the Court were to not rely on the law-of-the-case doctrine, Mr. Beal cannot meet the Rule 15(a)(2) standard for amendment of his pleadings. Although under Rule 15(a)(2), the Court should "freely give leave" when "justice so requires," it is well accepted that

courts have the discretion to deny a motion for leave to amend if the proposed amendment is futile, untimely or prejudicial. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). These are independent grounds for denial; each is a sufficient basis for a court to deny leave to amend. *See id.*; *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991).

      Here, Mr. Beal would be mistaken in suggesting that the Court should not dismiss the remaining claims in order to allow him to amend his pleadings by asserting a counterclaim concerning duties that were paid by defendants for entries not at issue in the litigation. As an initial matter, for the reasons already articulated by this Court on two occasions, amendment would be untimely. *See* ECF Nos. 40, 53. But even setting aside timing considerations, this Court lacks subject matter jurisdiction to entertain a claim for the recovery of duties that have not been protested through the administrative process. The Court of International Trade is a court of limited jurisdiction. *Norsk Hydro Can., Inc. v. United States,* 472 F.3d 1347, 1355 (Fed. Cir. 2006). Mr. Beal cannot now protest the duties previously alluded to in his proposed counterclaims because he cannot establish that that the administrative process was followed and a protest with United States Customs & Border Protection (CBP) was filed concerning these entries within the time prescribed in 19 U.S.C. § 1514. *See* 19 U.S.C. § 1514(a); *United States v. Ford Motor Co.,* 463 F.3d 1286, 1296-98 (Fed. Cir. 2006). It is well established that in the absence of a protest with CBP prior to liquidation, this Court lacks jurisdiction to entertain protests of duties previously paid and liquidated. *See id*. Moreover, this Court lacks jurisdiction to entertain a counterclaim for entries that are not part of this litigation. *See* 28 U.S.C. § 1583; *United States v. UPS Customhouse Brokerage, Inc.*, 30 CIT 808, 821-22 (2006). Indeed, this Court has already determined that it lacks subject matter jurisdiction to entertain a counterclaim

4

concerning the entries Mr. Beal has previously identified.  *See* ECF No. 53.  Accordingly, any such counterclaim could not survive a motion to dismiss, and is therefore plainly futile.

Pursuant to Rule 41(a)(2), if "a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  This rule, however, is no bar to the dismissal of the claims against Mr. Beal because, as discussed above, the Court has twice denied leave to amend to assert a counterclaim.

## **CONCLUSION**

For these reasons, the Court should dismiss the remaining claims against defendant Kevin Beal.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Nathanael B. Yale
NATHANAEL B. YALE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:(202) 616-0464

May 20, 2024                                       *Attorneys for Plaintiff*

<u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 20th day of May 2024, a copy of the foregoing "PLAINTIFF'S MOTION TO DISMISS" was filed electronically.

In addition, I certify that on this 20th day of May 2024, I caused to be served via first class mail, postage-paid, a copy of "PLAINTIFF'S MOTION TO DISMISS" to defendant Cruzin Cooler, LLC through its registered agent Kevin Beal, to defendant Bad Lama, LLC through its registered agent Kevin Beal, and to defendant Kevin Beal at the following address: 17927 Elk River Circle, Houston, TX 77090.

<u>s/Nathanael B. Yale</u>